**13**

Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive #127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Debtors/Plaintiffs
Roderick A. & Rosemarie Tapnio


IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO


| | |
|---|---|
| IN THE MATTER OF | CASE NO. 16-21305-E-13C |
| TAPNIO, RODERICK A. | |
| TAPNIO, ROSEMARIE A. | |
| _____DEBTORS_____/ | |
| TAPNIO, RODERICK A. | **PLAINTIFFS' AMENDED COMPLAINT** |
| TAPNIO, ROSEMARIE A. | **1.   DECLARATORY RELIEF,** |
| | **2.   VIOLATION OF 11 U.S.C.** |
| Plaintiffs, | **362(a) & (k)** |
| | **3.   VIOLATION OF C.C.C.** |
| v. | **2923.5** |
| | **4.   SLANDER OF TITLE** |
| WELLS FARGO BANK, N.A., | **5.   REQUEST FOR PRELIMINARY** |
| PARTNERS FOR PAYMENT | **INJUNCTION** |
| RELIEF DE II, LLC's, | |
| | |
| Defendants.                /| |

        Plaintiffs, Roderick A. & Rosemarie Tapnio (hereinafter

"Plaintiffs"), by and through his attorney, Peter G. Macaluso,

alleges as follows:

//

//

-1-

## I. NATURE OF THE CASE

1.  Plaintiffs bring this action against Defendant/Creditor, Wells
    Fargo Bank, N.A. (hereinafter "Wells Fargo"), and PARTNERS FOR
    PAYMENT RELIEF DE II, LLC (hereafter "Partners"), for
    declaratory relief, violation of 11 U.S.C. 362(a) & (k),
    Violation of California Civil Code 2923.5, Slander of Title.

2.  This is Adversary Proceeding arises in Plaintiffs' Chapter 13
    Bankruptcy, case #16-21305, filed on 3/2/16, in which the
    debtors' unconfirmed a Chapter 13 plan, which provided for an
    Motion to Value of the Wells Fargo's second position mortgage
    claim, on the residence at issue, while each payment made by
    the debtors to the Chapter 13 Trustee is being disbursed for
    a period of sixty (60) months.

3.  Plaintiffs are debtors in the above captioned Chapter 13
    proceeding. The bankruptcy court has jurisdiction over the
    subject matter of this complaint by virtue of 28 U.S.C. 1334.
    Venue is proper in this district because the underlying
    Chapter 13 case is pending here and the violations complained
    of herein occurred in this District.

4.  Plaintiffs seek equitable and declaratory relief in the form
    of an injunction, accounting, and restitution in that
    Defendant(s) have, and continue to hold bare title in the
    real property at issue due to the violation of 11 U.S.C.
    362(a), resulting in a unlawful foreclosure, and
    consequentially in violation of the automatic stay pursuant to
    11 U.S.C. 362(k).

///

///

## II. JURISDICTION AND VENUE

5.   This Court has jurisdiction over this contested matter under 28 U.S.C. 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984 referring all bankruptcy cases to the Bankruptcy Court.

6.   This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2)(o). Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. 157, 1344, 1335, and 1397.

7.   This proceeding arises in and relates to the Chapter 13 case of Plaintiffs, case #16-21305 filed on 3/2/16.

8.   This Court possesses personal jurisdiction over each Defendant based on each Defendant's presence and/or transaction of business and/or contacts within this District.

9.   Venue is proper in this District in that Defendants are authorized to do business in California, or at all times relevant herein have regularly conducted business within this District.

## III. PARTIES

10.  Plaintiffs, Roderick A. & Rosemarie Tapnio, are debtors in this underlying Chapter 13 case, case number #16-21305.

11.  Wells Fargo, is the former secured creditor in the underlying Chapter 13 case, and conducts business in the District.

12.  Partners is the present secured creditor in the underlying Chapter 13 case, and conducts business in the District.

## IV. FACTS - GENERAL ALLEGATIONS

13.  Plaintiffs re-allege and incorporates by reference all previous paragraphs as if set forth herein.

14. On or about 10/21/05, the plaintiff/debtors purchased the real property, commonly known as; 518 Kinsale Court, Vacaville, CA 95688 ("Residence"), and obtained a mortgage loan for both a first deed of trust, and a second deed of trust.

15. The first deed of trust is owed approximately $463,000.00 on the date of filing.

16. Plaintiffs' Chapter 13 Plan provides for payment of this note as an unsecured claim subject to the provisions as specified in the Plan.

17. The Chapter 13 Trustee caused a "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines" to be served upon all of Plaintiff's creditors, including Defendant(s).

18. That Plaintiffs are the debtors in the above-entitled matter.

19. Wells Fargo is listed as a secured creditor, Class 2 in the plan, was noticed of the underlying bankruptcy case, was thereby given an opportunity to file a claim which it did not, and to participate in the pending Chapter 13 case, which has not done, other than to obtain relief from the automatic stay.

20. The Debtors' Chapter 13 plan pays the Class 2 claims of the car and property taxes, strips the Movant's claim to unsecured, remains current on the first deed of trust, and pays no less than 0% to the unsecured claims.

21. Defendant, Wells Fargo is alleged to have held the second note and second deed of trust prior to the Trustee's Sale being conducted.

22. The Wells Fargo second deed of trust is owed approximately $250,000.00.

23. The residence was purchased for $530,000.00 on 10/21/05.

24. The appraised value of the residence on 4/7/16 was $405,000.00

25. Defendant, Wells Fargo caused the Notice of Default and Election to Sale to be published and recorded.

26. On 7/27/15, a Notice of Default and Election to Sell was recorded.

27. The Assignment of the Deed of Trust was also recorded, and allegedly transferred and assigned all beneficial interest under the deed of trust to Mortgage Electronic Registration Systems, Inc. As Nominee for GMAC Mortgage Corp. dba Ditech.com.

28. Defendant, Wells Fargo caused the Notice of Trustee's Sale to be published and recorded.

29. On 1/11/16, a Notice of Trustee's Sale was recorded with an original sale date of 2/3/16.

30. On 2/3/16, the Trustee's sale was continued to a sale date of 3/2/16.

31. That on 3/2/16, Plaintiffs filed a Chapter 13 to reorganize their debts.

32. Wells Fargo had actual knowledge of the bankruptcy filing on or about 3/2/16.

33. On 3/31/16, the Court dismissed the case for failure to timely file documents.

34. On 4/4/16, the Trustee's Deed Upon Sale was conducted.

35. On 4/4/16 Partners was the successful bidder at a Trustee"s Deed Upon Sale.

36. Partners, in accepting the Trustee's Deed from Wells Fargo became an independent creditor to the Plaintiffs' bankruptcy

case.

37.  On 4/4/16, the court entertained an ex-parte motion to vacate the dismissal.

38.  The ex-parte motion to vacate was granted on 4/5/16.

39.  On 4/5/16, the Court vacated the dismissal of the case and reinstating the automatic stay.

40.  On 4/6/16, Partners recorded the Trustee's Deed Upon Sale.

41.  On 4/6/16, Partners did continue an administrative act, or other action or proceeding against the debtor that was or could have commenced before the commencement of the chapter 13 case under this title.

42.  On 4/4/16, Partners did enforce, against the debtor and against the property of the estate a judgment obtained before the commencement of the case under this title.

43.  On 4/4/16, Partners did act to create, perfect, and/or enforce a lien against the property of the estate.

44.  On 4/8/16, the Movant caused to be served a Notice to Quit to Debtors, and all other occupants.

45.  As of 7/25/16, Partners has not made any payments to Ocwen Mortgage, the servicer of the first deed of trust.

46.  The Partners asserts that the Debtors do not own the Property because, Partners is the Owner of the Property.

47.  No evidence exists to substantiate that the sale being recorded was not an act by a creditor.

### V. CAUSES OF ACTION(S)

### 1. DECLARATORY RELIEF

48.  Plaintiffs re-allege and incorporates by reference all previous paragraphs as if set forth herein.  Plaintiffs bring

1 　 this cause of action for declaratory relief.

2 49. An actual controversy now exists between Plaintiffs and

3 　 Defendant in that there is a dispute as to the resolution,

4 　 cease of harassment of Plaintiffs by Partners, the stopping of

5 　 Wells Fargo and/or Partners' continued to engagement in

6 　 unlawful conduct, having caused and continue to cause harm,

7 　 and separate injuries each and every time Partners imposes

8 　 threats of foreclosure on Plaintiffs, or when Wells Fargo

9 　 and/or Partners engages in false, unfair, deceptive and

10 　 unconscionable conduct to perpetrate or conceal his unlawful

11 　 conduct as contended that Defendant as set forth below, has

12 　 committed the violations set forth below.

13 　 **2. VIOLATION OF 11 U.S.C. 362(a) & (k)**

14 50. Plaintiffs re-allege and incorporates by reference paragraphs

15 　 45 through 46 as if set forth herein.

16 51. Pursuant to 11 U.S.C. 541, the bankruptcy estate had an

17 　 automatic stay given that the dismissal of this case was

18 　 lacking in due process, void, and the case was reinstated

19 　 resulting in the automatic stay never having not been in

20 　 effect.

21 52. The recording of the Trustee's sale occurred after the

22 　 dismissal was vacated in violation of 11 U.S.C. 362(a).

23 53. Pursuant to 11 U.S.C. 544, the transfer is improper and

24 　 voidable.

25 54. Pursuant to 11 U.S.C. 549, the transfer is improper and

26 　 voidable.

27 55. The trustee's sale was not for fair and equivalent value.

28 56. Defendant(s) did not seek relief from the automatic stay prior

to recording the Trustee's sale.

57. On 4/4/16, Wells Fargo had actual knowledge that the Plaintiff/Debtors filed an Ex-Parte Motion to Vacate Dismissal was filed.

58. On 4/4/16, the Trustee's Deed Upon Sale was conducted in which Partners purchased the foreclosed property which is at issue.

59. On 4/5/16, the Court vacated the dismissal of the case and reinstating the automatic stay.

60. The dismissal of the Plaintiffs' bankruptcy case was void due to lack of due process.

61. On 4/8/16, the Partners caused to be served a Notice to Quit to Debtors, and all other occupants.

62. Both Wells Fargo and Partners did not seek Relief from the Automatic Stay until after recording the Trustee's Sale on 4/6/16.

63. Both Wells Fargo and Partners had actual notice of the bankruptcy on, or before 4/5/16.

64. Neither Wells Fargo nor Partners did make any payment to the Ocwen Mortgage Services, LLC ("Ocwen") the servicer of the senior deed of trust holder in the approximately amount balance of $463,00.00.

65. Neither Both Wells Fargo and Partners are paying the monthly obligation to the senior deed of trust and note.

66. Both Wells Fargo and Partner's actions as described above have been done intentionally.

67. Both Wells Fargo and Partners actions as described above have been done willfully in breach of the contract between the parties.

-8-

68. Both Wells Fargo and Partners intentional acts continue after repeated notice to cease and desist.

69. Partners has acted to obtain possession of property of the bankruptcy estate.

70. Both Wells Fargo and Partners have acted intentionally.

71. As a proximate cause of both Wells Fargo and Partners intentional actions in the unauthorized foreclosure of the residence, Plaintiffs have sustained emotional distress and attorney fees.

72. As a proximate cause of both Wells Fargo and Partners intentional actions in breach of contract, fair dealings, and good faith have sustained damages.

73. Plaintiffs have incurred attorney fees to enforce the automatic stay provisions of 11 U.S.C. 362(a)

74. Both Wells Fargo and Partners have, and continue to cause an willfully acts of this oppressive sale of the property pursuant to the power of sale in the deed of trust.

75. Plaintiff suffered, and continues to suffer harm.

76. At all relevant time, Wells Fargo had and continue to have both the means of obtaining and actual possession of superior knowledge and special information with regards to their representations specified herein.

77. As a result of Defendant's opportunity to obtain superior knowledge and their actual possession of such knowledge, both Wells Fargo and Partners have gained an unconscionable advantage over Plaintiff, who was ignorant of the facts and the law relevant to Wells Fargo's scheme designed and conducted to deceive Plaintiffs, the court and the Trustee as

to the true status of the foreclosure continuation date of 4/5/16.

78. Despite their superior knowledge and special information, Defendant intentionally concealed such knowledge and special information from the court as specified above. Such statements were made by Wells Fargo with knowledge of their falsity and with the intent to induce Plaintiffs to relay on those representations.

79. Because of Wells Fargo's position of superior access to relevant knowledge and special information, Plaintiffs' justifiably relied upon Wells Fargo's false representations to his detriment.

80. As a direct and proximate result of both Wells Fargo and Partners conduct as alleged in this complaint, the Plaintiffs have suffered emotional distress to be proven at trial.

81. Both Wells Fargo and Partners have acted with oppression, fraud, and malice towards plaintiffs, in violation of their rights.

82. Plaintiffs are entitled to recover from both Wells Fargo and Partners for exemplary and punitive damages, in an amount to be proven at trial.

83. Neither Wells Fargo nor Partners have taken steps since the post-petition recording on 4/6/16, to correct any violation of 11 U.S.C. 362(a) which exists.

### 3.    VIOLATION OF CALIFORNIA CIVIL CODE 2923.5

84. Plaintiffs re-allege and incorporates by reference all previous paragraphs as if set forth herein.

85. Wells Fargo failed to contact the Plaintiffs in person or by

telephone in order to assess the borrower's financial situation.

86. Wells Fargo failed to contact the Plaintiffs in person or by telephone in order to assess the borrower's options for the borrower to avoid foreclosure.

87. Wells Fargo did not comply with California Civil Code 2923.5 subs. (A)(1) and/or (a)(2).

#### 4.    SLANDER OF TITLE

88. Plaintiffs re-allege and incorporates by reference all previous paragraphs as if set forth herein.

89. Wells Fargo and/or Partners have caused to be recorded various documents including a Notice of Trustee Sale which has impaired the Plaintiffs' title which constitutes slander of title and the Plaintiffs should be awarded resulting damages to be fully provide at the time of trial.

90. California Civil Code 2924(h) prohibits the post-petition execution of a Trustee's deed which has resulted in this slander of title.

#### 5.    REQUEST FOR PRELIMINARY INJUNCTION

91. Plaintiffs re-allege and incorporates by reference all previous paragraphs as if set forth herein.

92. Plaintiffs seek equitable cancellation of the above discussed trustee sale as unauthorized by 11 U.S.C. 362(a) as the dismissal was void.

93. Plaintiffs seek the foreclosure be deemed void as this is unique real property and money is an inadequate remedy.

94. Plaintiffs are current to Ocwen on the first deed of trust which presently is in excess of $463,000.00

95. The Plaintiffs assert that the dismissal was void, thereby negating the need for tender.

96. This court has the jurisdiction to undo a foreclosure sale based on a void dismissal.

97. The Plaintiffs face irreparable harm with no adequate remedy at law given the Notice to Quit, C.C.C.P. Section 1161(a)(b)(3).

98. In this instance, the balance of harm favors the Plaintiff given the first deed of trust in the approximate amount of $463,000 being Serviced by Ocwen.

99. In Court in this case has the jurisdiction to hold the foreclosure void if the dismissal is found to have been void.

100. The public interest favors the granting of this injunction.

101. On 7/21/16, the Plaintiffs sent a settlement letter to Partners counsel.

102. On 7/27/16, the Plaintiffs sent a second settlement letter to Partners counsel.

103. On 7/28/16, the Plaintiffs sent a third and final settlement letter to Partners counsel.

WHEREFORE, Plaintiffs request that the Court enter judgment in Plaintiffs' favor and against Wells Fargo and Partners, both jointly and severally for:

1. **Actual Damages;**

2. **Punitive Damages;**

3. **Statutory Damages;**

4. **Declaratory Relief;**

5. **Attorney's fees, litigation expenses and cost of suit;**

6. **Non-Dischargeablity of Claims against the Defendant;**

**7.     Such other or further relief as the Court deems proper.**

I declare under penalty of perjury that the forgoing statement is true and correct to the best of my knowledge and belief and that this declaration is executed on August 1, 2016 at Sacramento, California.

                                    /s/ Peter G. Macaluso

                              Peter G. Macaluso, Attorney at Law