```
14
```
Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive #127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Debtors/Plaintiffs
Roderick A. & Rosemarie Tapnio

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| IN THE MATTER OF | CASE NO. 16-21305-E-13C |
| TAPNIO, RODERICK A. | ADV. NO. 16-02155-E |
| TAPNIO, ROSEMARIE A. | |
|     Debtors    / | |
| TAPNIO, RODERICK A. | **PLAINTIFFS' AMENDED COMPLAINT FOR:** |
| TAPNIO, ROSEMARIE A. | 1. **DECLARATORY RELIEF,** |
|     Plaintiffs, | 2. **VIOLATION OF 11 U.S.C. 362(a) & (k)** |
| v. | 3. **SLANDER OF TITLE** |
| | 4. **REQUEST FOR PRELIMINARY INJUNCTION** |
| MORTGAGE ELECTRONIC REGISTRATION SERVICES INC., AS NOMINEE FOR GMAC MORTGAGE CORP. DBA DITECH.COM, PARTNERS FOR PAYMENT RELIEF DE II, LLC's, | 5. **ATTORNEY FEES & COSTS** |
|     Defendants.    / | |

    Plaintiffs, Roderick A. & Rosemarie Tapnio (hereinafter "Plaintiffs"), by and through his attorney, Peter G. Macaluso, alleges as follows:

-1-

## I. NATURE OF THE CASE

1. Plaintiffs bring this action against Defendant/Creditor, MORTGAGE ELECTRONIC REQISTRATION SERVICES, INC. AS MOMINEE FOR GMAC Mortgage Corporation DBA Ditech.com (hereinafter "GMAC"), FCI LENDERS, INC. ("FCI"), CALIFORNIA TD SPECILISTS ("TD"), and PARTNERS FOR PAYMENT RELIEF DE II, LLC ("Partners"), for declaratory relief, violation of 11 U.S.C. 362(a) & (k), Slander of Title, Request for Preliminary Injunction, Attorney Fees & Costs.

2. This is Adversary Proceeding arises in Plaintiffs' Chapter 13 Bankruptcy, case #16-21305, filed on 3/2/16, in which the debtors' unconfirmed a Chapter 13 plan, which provided for an Motion to Value of the GMAC's second position mortgage claim, on the residence at issue, while each payment made by the debtors to the Chapter 13 Trustee is being disbursed for a period of sixty (60) months, was dismissed and reinstated, during which GMAC conducted a Trustee's sale to Partners, and Partners intentionally acted in violation of 11 U.S.C. 362.

3. Plaintiffs are debtors in the above captioned Chapter 13 proceeding. The bankruptcy court has jurisdiction over the subject matter of this complaint by virtue of 28 U.S.C. 1334. Venue is proper in this district because the underlying Chapter 13 case is pending here and the violations complained of herein occurred in this District.

4. Plaintiffs seek equitable and declaratory relief in the form of an injunction, accounting, and restitution in that Defendant(s) have, and continue to hold bare title in the real property at issue due to the violation of 11 U.S.C.

362(a), resulting in a unlawful foreclosure, in violation of the automatic stay pursuant to 11 U.S.C. 362(k).

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this contested matter under 28 U.S.C. 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984 referring all bankruptcy cases to the Bankruptcy Court.

6. This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2)(o). Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. 157, 1344, 1335, and 1397.

7. This proceeding arises in and relates to the Chapter 13 case of Plaintiffs, case #16-21305 filed on 3/2/16.

8. This Court possesses personal jurisdiction over each Defendant based on each Defendant's presence and/or transaction of business and/or contacts within this District.

9. Venue is proper in this District in that Defendants are authorized to do business in California, or at all times relevant herein have regularly conducted business within this District.

## III. PARTIES

10. Plaintiffs, Roderick A. & Rosemarie Tapnio, are debtors in this underlying Chapter 13 case, case number #16-21305.

11. GMAC, is a secured creditor in the underlying Chapter 13 case, and conducts business in the District.

11. Partners is an independent creditor in the underlying Chapter 13 case, and conducts business in the District.

12. FCI Lenders Services, is an agent of GMAC.

13. California TD Services, is an agent of GMAC.

**IV. FACTS - GENERAL ALLEGATIONS**

14. Plaintiffs re-allege and incorporates by reference all previous paragraphs as if set forth herein.
15. On or about 10/21/05, Plaintiffs/debtors purchased the real property, commonly known as; 518 Kinsale Court, Vacaville, CA 95688 ("Residence"), and obtained a mortgage loan for both a first deed of trust, and a second deed of trust.
16. The first deed of trust is owed approximately $463,000.00 on the date of filing.
17. Plaintiffs' Chapter 13 Plan provides for payment of this note as an unsecured claim subject to the provisions as specified in the Plan.
18. The Chapter 13 Trustee caused a "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines" to be served upon all of Plaintiff's creditors, including Defendant(s).
19. Plaintiffs are the debtors in the above-entitled matter.
20. GMAC is listed as a secured creditor, Class 2 in the plan, was noticed of the underlying bankruptcy case, was thereby given an opportunity to file a claim which it did not, and to participate in the pending Chapter 13 case, which has not done, other than to obtain relief from the automatic stay.
21. The Debtors' original Chapter 13 plan intended to pay the Class 2 claims of the car and property taxes, strips the GMAC's claim to unsecured, remains current on the first deed of trust, and pays no less than 0% to the unsecured claims.
22. Defendant, GMAC is alleged to have held the second note and

second deed of trust prior to the Trustee's Sale being conducted.

23. GMAC was noticed on the bankruptcy filing.
24. GMAC received the notice of bankruptcy filing.
25. GMAC was aware of the automatic stay.
26. GMAC did not file a proof of claim.
27. A notice of default and election to sell was recorded on 7/27/15, by First American Mortgage Solutions.
28. The Notice of Default and election to sell was recorded and served on California TD Specialists.
29. A notice of trustee's sale was recorded on 1/11/16 by GMAC.
30. The original sale date was schedules for 2/3/16.
31. The chapter 13 bankruptcy was filed on 3/2/16.
32. On 3/4/16, the court issued a notice of incomplete filing.
33. On 3/18/16, the Court extended the deadline to file documents to 3/30/16.
34. On 3/31/16, the Court dismissed the case for failure for timely file documents.
35. On 4/4/16, the Court entertained an Ex-Parte Motion to Vacation the dismissal.
36. On 4/4/16, the Trustee's Sale was conducted.
37. On 4/5/16, the Court vacated the dismissal.
38. On 4/6/16, The Trustee's deed upon sale was recorded on 4/6/16, by California TD Specialists.
39. On 4/8/16, Partners cased a notice to Quit to be served on Plaintiffs.
40. FCI Lenders Services, caused a declaration of Mortgage Servicer pursuant to C.C.C. 2923.5 or 2923.55, asserting that

plaintiffs' were exempt from C.C.C. 2923.5 because of C.C.C. 2924.15(a).

41. The GMAC second deed of trust is owed approximately $233,839.18, on 1/7/16.

42. The appraised value of the residence on 4/7/16 was $405,000.00

43. Defendant, GMAC caused the Notice of Default and Election to Sale to be published and recorded.

44. The Assignment of the Deed of Trust was also recorded, and allegedly transferred and assigned all beneficial interest under the deed of trust to Mortgage Electronic Registration Systems, Inc. As Nominee for GMAC Mortgage Corp. dba Ditech.com. ("GMAC").

45. Defendant, GMAC caused the Notice of Trustee's Sale to be published and recorded.

46. On 1/11/16, a Notice of Trustee's Sale was recorded with an original sale date of 2/3/16.

47. On 2/3/16, the Trustee's sale was continued to a sale date of 3/2/16.

48. That on 3/2/16, Plaintiffs filed a Chapter 13 to reorganize their debts.

49. GMAC had actual knowledge of the bankruptcy filing on or about 3/2/16.

50. On 3/31/16, the Court dismissed the case for failure to timely file documents.

51. On 4/4/16, the Trustee's Deed Upon Sale was conducted.

52. On 4/4/16 Partners was the successful bidder at a Trustee"s Deed Upon Sale.

53. Partners, in accepting the Trustee's Deed from GMAC became an

independent creditor to Plaintiffs' bankruptcy case.

54. On 4/4/16, the court entertained an ex-parte motion to vacate the dismissal.

55. On 4/5/16, the Court vacated the dismissal of the case and reinstating the automatic stay.

56. On 4/5/16, the property was sold in foreclosure.

57. Under Section 1091 of the California Civil Code, the sale required a proper transfer of interest which requires a validly accepted, delivered and executed deed of trust.

58. The sale of the property is void because the transfer of interest is in violation of the automatic stay.

59. Any attempt between GMAC & Partners to validly execute, deliver and accept directly violates the automatic stay in effect.

60. On 4/6/16, Partners recorded the Trustee's Deed Upon Sale in violation of the automatic stay.

61. Any post petition issuances of a deed of trust is a violation of the automatic stay.

62. On 4/6/16, Partners did continue an administrative act, or other action or proceeding against the debtor that was or could have commenced before the commencement of the chapter 13 case under this title.

63. On 4/4/16, Partners did enforce, against the debtor and against the property of the estate a judgment obtained before the commencement of the case under this title.

64. On 4/4/16, Partners did act to create, perfect, and/or enforce a lien against the property of the estate after the commencement of the bankruptcy case.

65. On 4/8/16, the GMAC caused to be served a Notice to Quit to Debtors, and all other occupants.
66. As of 7/25/16, Partners has not made any payments to Ocwen Mortgage, the servicer of the senior, first deed of trust.
67. The Partners asserts that the Debtors do not own the Property because, Partners is the Owner of the Property.
68. No evidence exists to substantiate that the sale being recorded was not an act by a creditor.

### V. CAUSES OF ACTION(S)

### 1. DECLARATORY RELIEF

69. Plaintiffs re-allege and incorporates by reference all previous paragraphs as if set forth herein. Plaintiffs bring this cause of action for declaratory relief.
70. An actual controversy now exists between Plaintiffs and Defendants in that there is a dispute as to the resolution, cease of harassment of Plaintiffs by Partners, the stopping of GMAC and/or Partners' continued to engagement in unlawful conduct, having caused and continue to cause harm, and separate injuries each and every time Partners imposes threats of foreclosure on Plaintiffs, or when GMAC and/or Partners engages in false, unfair, deceptive and unconscionable conduct to perpetrate or conceal his unlawful conduct as contended that Defendant as set forth below, has committed the violations set forth below.

### 2. VIOLATION OF 11 U.S.C. 362(a) & (k)

41. Plaintiffs re-allege and incorporates by reference all previous paragraphs as if set forth herein.

42. Pursuant to 11 U.S.C. 541, the bankruptcy estate had an automatic stay given that the dismissal of this case was lacking in due process, void, and the case was reinstated resulting in the automatic stay never having not been in effect.
43. The recording of the Trustee's sale occurred after the dismissal was vacated in violation of 11 U.S.C. 362(a).
44. Pursuant to 11 U.S.C. 544, the transfer is improper and voidable.
45. Pursuant to 11 U.S.C. 549, the transfer is improper and voidable.
46. The trustee's sale was not for fair and equivalent value.
47. Partners did not seek relief from the automatic stay prior to recording the Trustee's sale.
48. On 4/4/16, GMAC had actual knowledge that Plaintiffs/Debtors filed an Ex-Parte Motion to Vacate Dismissal was filed.
49. On 4/4/16, the Trustee's Deed Upon Sale was conducted in which Partners purchased the foreclosed property which is at issue.
50. On 4/5/16, the Court vacated the dismissal of the case and reinstating the automatic stay.
51. The dismissal of Plaintiffs' bankruptcy case was void.
52. On 4/8/16, the Partners caused to be served a Notice to Quit to Debtors, and all other occupants.
53. Neither GMAC nor Partners did not seek Relief from the Automatic Stay until after recording the Trustee's Sale on 4/6/16.
54. Both Partners had actual notice of the bankruptcy on, or before 4/5/16.

55. Neither GMAC nor Partners did make any payment to the Ocwen Mortgage Services, LLC ("Ocwen") the servicer of the senior deed of trust holder in the approximately amount balance of $463,00.00.
56. Neither GMAC nor Partners are paying the monthly obligation to the senior deed of trust and note.
57. GMAC's actions as described above have been done intentionally.
58. Partner's actions as described above have been done intentionally.
59. Partners actions as described above have been done willfully in breach of the contract between the parties.
60. GMAC's actions as described above have been done willfully in breach of the contract between the parties.
61. GMAC's intentional acts continue after repeated notice to cease and desist.
62. Partners intentional acts continue after repeated notice to cease and desist.
63. Partners has acted to obtain possession of property of the bankruptcy estate.
64. Partners has acted intentionally.
65. GMAC has acted intentionally.
66. GMAC did act with willful, reckless and/or intentional.
67. GMAC knew of the automatic stay.
68. As a proximate cause of both GMAC and Partners intentional actions in the unauthorized foreclosure of the residence, Plaintiffs have sustained emotional distress and attorney fees.

-10-

69. As a proximate cause of GMAC intentional actions in breach of contract, fair dealings, and good faith have sustained damages.
70. As a proximate cause of Partners intentional actions in breach of contract, fair dealings, and good faith have sustained damages.
71. Plaintiffs have incurred attorney fees to enforce the automatic stay provisions of 11 U.S.C. 362(a)
72. GMAC has, and continue to cause an willfully acts of this oppressive sale of the property pursuant to the power of sale in the deed of trust.
73. Partners has, and continue to cause an willfully acts of this oppressive sale of the property pursuant to the power of sale in the deed of trust.
74. Plaintiff suffered, and continues to suffer harm.
75. At all relevant time, GMAC had and continue to have both the means of obtaining and actual possession of superior knowledge and special information with regards to their representations specified herein.
76. As a result of GMAC's opportunity to obtain superior knowledge and their actual possession of such knowledge, GMAC has gained an unconscionable advantage over Plaintiff, who was ignorant of the facts and the law relevant to GMAC's scheme designed and conducted to deceive Plaintiffs, the court and the Trustee as to the true status of the foreclosure continuation date of 4/5/16.
77. Despite their superior knowledge and special information, GMAC through their agents California TD Services, and FCI Lending

        Services have intentionally concealed such knowledge and special information from the court as specified above.

78. Such statements were made by GMAC with knowledge of their falsity and with the intent to induce Plaintiffs to relay on those representations.

79. Because of GMAC's position of superior access to relevant knowledge and special information, Plaintiffs' justifiably relied upon GMAC's false representations to his detriment.

80. As a direct and proximate result of both GMAC and Partners conduct as alleged in this complaint, Plaintiffs have suffered emotional distress to be proven at trial.

81. Both GMAC and Partners have acted with oppression, fraud, and malice towards plaintiffs, in violation of their rights.

82. Plaintiffs are entitled to recover from both GAMC and Partners for exemplary and punitive damages, in an amount to be proven at trial.

83. Neither GMAC nor Partners have taken steps since the post-petition recording on 4/6/16, to correct any violation of 11 U.S.C. 362(a) which exists.

### 4. SLANDER OF TITLE

84. Plaintiffs re-allege and incorporates by reference all previous paragraphs as if set forth herein.

85. GMAC and/or Partners have caused to be recorded various documents including a Notice of Trustee Sale which has impaired Plaintiffs' title which constitutes slander of title and Plaintiffs should be awarded resulting damages to be fully provide at the time of trial.

86. Partners did publish the Trustee's Sale.

87. Partners were not justified in publishing the Trustee's Sale after the vacating of the dismissal.
88. Partners actions were the proximate cause of Plaintiff's damages.
89. California Civil Code 2924(h) prohibits the post-petition execution of a Trustee's deed which has resulted in this slander of title.

### 5. REQUEST FOR PRELIMINARY INJUNCTION

90. Plaintiffs re-allege and incorporates by reference all previous paragraphs as if set forth herein.
91. Plaintiffs seek equitable cancellation of the above discussed trustee sale as unauthorized by 11 U.S.C. 362(a).
92. Plaintiffs seek the foreclosure be deemed void as this is unique real property and money is an inadequate remedy.
93. Plaintiffs were current to Ocwen on the first deed of trust which presently is in excess of $463,000.00 on the date of filing the chapter 13 bankruptcy case.
94. Plaintiffs assert that the dismissal was void, thereby negating the need for tender.
95. This court has the jurisdiction to undo a foreclosure sale based on a void dismissal.
96. This court has the jurisdiction to undo a foreclosure sale based on a violation of 11 U.S.C. 362(a).
97. Plaintiffs face irreparable harm with no adequate remedy at law given the Notice to Quit, C.C.C.P. Section 1161(a)(b)(3), and relief from stay being granted.
98. In this instance, the balance of harm favors Plaintiff given the first deed of trust in the approximate amount of $463,000

-13-

being Serviced by Ocwen.

99. In Court in this case has the jurisdiction to hold the foreclosure void if the dismissal is found to have been void.

100. The public interest favors the granting of this injunction thereby reserving the status quo.

101. On 7/21/16, Plaintiffs sent a settlement letter to Partners counsel.

102. On 7/27/16, Plaintiffs sent a second settlement letter to Partners counsel.

103. On 7/28/16, Plaintiffs sent a third and final settlement letter to Partners counsel.

WHEREFORE, Plaintiffs request that the Court enter judgment in Plaintiffs' favor and against GMAC and Partners, both jointly and severally for:

**1.** **Actual Damages;**

**2.** **Punitive Damages;**

**3.** **Statutory Damages;**

**4.** **Declaratory Relief;**

**5.** **Attorney's fees, litigation expenses and cost of suit;**

**6.** **Specific Performance in Voiding the Foreclosure;**

**7.** **Such other or further relief as the Court deems proper.**

I declare under penalty of perjury that the forgoing statement is true and correct to the best of my knowledge and belief and that this declaration is executed on October 18, 2016 at Sacramento, California.

             /s/ Peter G. Macaluso
             Peter G. Macaluso, Attorney at Law